UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC LAMAR CROMER,

    Plaintiff,                                      Case No. 4:06-cv-136

v                                              HON. JANET T. NEFF

UNKNOWN CHANEY, et al.,

    Defendants.

_____/

## ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants filed a Motion to Dismiss on the ground that plaintiff failed to exhaust his administrative remedies.  The matter was referred to the Magistrate Judge, who converted their motion to a Motion for Summary Judgment and issued a Report and Recommendation, recommending that this Court grant in part and deny in part defendants' motion.  The matter is presently before the Court on defendants' objections to the Report and Recommendation.  Plaintiff moved for an extension of time during which to also file objections, but the Magistrate Judge denied plaintiff's motion.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which timely objections have been made.  The Court denies the objections.

Defendants request this Court reject the Magistrate Judge's application of a "per se" waiver rule, which allows a procedurally defective grievance to constitute exhaustion unless the prison officials specifically reject the grievance on procedural grounds.  Defendants argue that the Magistrate Judge improperly employed habeas analysis of exhaustion, rather than relying on how

exhaustion works in administrative proceedings as outlined in *Woodford v. Ngo,* 548 U.S. 81 (2006).

Defendants' argument is without merit. The Supreme Court in *Woodford* specifically looked to exhaustion rules in administrative law and habeas corpus for guidance in interpreting the civil rights exhaustion requirement. *See Woodford,* 548 U.S. at 92-93. Accordingly, the Magistrate Judge did not err in applying the principles of procedural default within the context of civil rights exhaustion.

**THEREFORE, IT IS ORDERED** that plaintiff's objections (Dkt 52) are DENIED as untimely.

**IT IS FURTHER ORDERED** that defendants' objections (Dkt 46) are DENIED and the Report and Recommendation (Dkt 45) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 21) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, the motion is GRANTED as to defendants Conrad and Mulvaney on plaintiff's First Amendment free exercise and Fourteenth Amendment due process claims and in favor of all of the moving parties on plaintiff's retaliation claim. Defendants Conrad and Mulvaney are therefore DISMISSED from this action without prejudice pursuant to 42 U.S.C. § 1997e(a) and plaintiff's retaliation claim is DISMISSED without prejudice to all of the moving parties. The motion is DENIED as to plaintiff's remaining First and Fourteenth Amendment claims against defendants Lowande, Dusenbery, Chaney, Palmer, and Wilson.

Date:  August 27, 2008                                 /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge